**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO BAMACA-FLORES, | No. 08-74638 |
| Petitioner, | |
| | Agency No. A094-810-472 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Hugo Bamaca-Flores, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Bamaca-Flores' unexhausted contention regarding asylum eligibility, because he expressly declined to seek asylum before the IJ.

Substantial evidence supports the agency's denial of Bamaca-Flores' withholding of removal claim because his forced conscription, experiences in the military, and his subsequent desertion do not establish he was or will be harmed on account of a protected ground. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1187-88 (9th Cir. 2006) (applicant presented insufficient evidence she would be singled out for severe disproportionate punishment for refusing to serve in the military based on a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (Real ID Act requires that a protected ground represent "one central reason" for an applicant's persecution). Bamaca-Flores fails to challenge the BIA's determination that he was not targeted on account of his membership in a particular social group. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued are deemed waived).

08-74638

Bamaca-Flores fails to challenge the BIA's denial of CAT relief. *See id.*

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.